Matter of Whitney (2021 NY Slip Op 07474)





Matter of Whitney


2021 NY Slip Op 07474


Decided on December 23, 2021


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ. (Filed Dec. 23, 2021.)


&em;

[*1]MATTER OF THOMAS J. WHITNEY, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of disbarment entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law in New York by this Court on February 22, 2005. His attorney registration information on file with the Office of Court Administration indicates that he formerly maintained an office in Casper, Wyoming. In May 2021, the Grievance Committee filed with this Court proof that, by order dated November 30, 2020, the Supreme Court of New Jersey disbarred respondent after he failed to comply with, or respond to, an order of that Court directing him to appear and show cause why he should not be disbarred or otherwise disciplined based on a decision of the Supreme Court of New Jersey Disciplinary Review Board, which found that respondent had engaged in professional misconduct including gross neglect, failure to communicate with a client, engaging in conduct involving dishonesty or deceit, and failing to cooperate with the New Jersey disciplinary authorities. In addition to the documentation relating to respondent's disbarment in New Jersey, the Grievance Committee also submitted to this Court proof that, in 2017, respondent was suspended from the practice of law in Wyoming and, in 2019, he was excluded from practicing before the tribunals of the United States Patent and Trademark Office (USPTO).
Following receipt of the submission of the Grievance Committee, this Court, by order entered June 25, 2021, directed respondent to appear on October 26, 2021, and to show cause why reciprocal discipline should not be imposed, pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by New Jersey, Wyoming, and the USPTO. Although respondent was served with this Court's show cause order in August 2021, he failed to file papers in response to the order, failed to appear on the return date thereof, and otherwise failed to contact this Court.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction, unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
In this case, respondent failed to respond to the show cause order of this Court and, thus, he has failed to raise any factor that would preclude the imposition of reciprocal discipline. In addition, the submission of the Grievance Committee indicates that none of the factors set forth in 22 NYCRR 1240.13 (c) precludes the imposition of reciprocal discipline in this case. In determining an appropriate sanction, we have considered the nature of the misconduct found by the above-referenced jurisdictions and respondent's failure to respond to the show cause order of this Court, as well as his apparent default in responding to the allegations of misconduct that gave rise to the discipline imposed by New Jersey, Wyoming, and the USPTO. Accordingly, we conclude that respondent should be disbarred.